O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

|  |  |
|---|---|
| MICHAEL ANDRE JAMES<br><br>　　　　Petitioner,<br><br>vs.<br><br>S. SHERMAN<br><br>　　　　Respondent.<br>_____ | Case No. CV 14-09678-CAS<br>　　　　　 CR 04-01516-CAS<br><br>**DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Dkt. 1, filed December 18, 2014)** |

On July 24, 2008, defendant Michael A. James was sentenced to 63 months imprisonment following his conviction for possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B). Cr. Dkt. 63. Defendant was subsequently released to supervision. In March 2012, the United States Probation Office filed a petition for revocation of supervised release, which this Court granted on February 5, 2013. Cr. Dkt. 97. The Court sentenced defendant to 33 months of imprisonment to be served consecutive to defendant's state sentence, with no supervision to follow. Id.

On December 18, 2014, defendant filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Cr. Dkt. 98. In this motion,

defendant requests that his sentence be reduced to only 24 months on the following grounds: (1) that he is now contrite and ready to accept responsibility for his actions; and (2) that his mother is ill and he would like to care for her.

The Court finds that plaintiff has failed to identify a cognizable basis for relief pursuant to 28 U.S.C. § 2255. A petition filed pursuant to section 2255 may be granted only on the grounds that "the sentence was imposed in violation of the Constitution of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Defendant's petition is not based on any of these grounds. Accordingly, the Court cannot grant defendant the relief he has requested.

In addition, defendant's petition is untimely. Section 2255 provides a "1-year period of limitation" which runs from the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f). This limitation period "applies to 'all motions' under § 2255." Dodd v. United States, 545 U.S. 353, 359 (2005). A defendant's conviction becomes final if he does not file a notice of appeal "within 14 days after . . . the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A). Here, the Court entered judgment revoking defendant's supervised release and sentencing him to 33 months of imprisonment on February 5, 2013. Cr. Dkt. 97. This judgment became final, for purposes of section 2255, when defendant failed to file a notice of appeal by February 19, 2013. Nonetheless, defendant did not file the instant petition until December 18, 2014—more than one year later. Accordingly, defendant's petition is untimely.[1]

---

[1] In addition, even if the Court construed plaintiff's petition as a petition for a reduction of sentence pursuant to 18 U.S.C. § 3582(c), defendant would still not be entitled to relief because he does not qualify for any of the types of relief available under that section. Section 3582(c)(1)(A) does not apply because, per the explicit language of the (continued...)

For the foregoing reasons, the Court **DENIES** defendant's petition for relief pursuant to 28 U.S.C. § 2255.

IT IS SO ORDERED.

Dated: July 18, 2016

_____
CHRISTINA A. SNYDER
United States District Judge

---

[1](...continued)
statute, a motion pursuant to section 3582(c)(1)(A) may only be heard if brought by the Director of the Bureau of Prisons. Similarly, section 3582(c)(1)(B) is applicable only where "expressly permitted by statute or by rule 35 of the Federal Rules of Criminal Procedure." No such express authority exists in this case or applies to the grounds defendant has identified in his petition. Finally, section 3582(c)(2) does not apply to a term of imprisonment imposed following a violation of supervised release. See U.S.S.G. § 1B1.10 comment, n. 4(A) ("Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under [section 3582(c)(2)]. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release."); see also United States v. Morales, 590 F.3d 1049, 1052 (9th Cir. 2010) ("reducing a supervised release revocation sentence is inconsistent with U.S.S.G. § 1B1.10"). Accordingly, none of the grounds for relied provided for under section 3582(c) is applicable in this case.